F I L E D
CLERK OF COURT

2025 OCT 13 PM 4: 37

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

RODNEY CRISOSTOMO CAMACHO,
DOB: 11/20/1976

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0281-25-01**
GPD Report No. 25-10514

**DECISION & ORDER
RE. DEFENDANT'S MOTION IN
*LIMINE* TO PRECLUDE
INTRODUCTION OF EVIDENCE OF
DEFENDANT CAMACHO'S ARREST
RECORD/RAP SHEET AND BENCH
WARRANT**

This matter came before the Honorable Alberto E. Tolentino on July 15, 2025, for a Motion Hearing. Defendant Rodney Camacho ("Defendant") was present with counsel Public Defender Renita Taimanao-Munoz. Assistant Attorney General Samuel Alexander was present for the People of Guam ("People"). The court scheduled a Motion Hearing to address the Defendant's Motion in *Limine* to Preclude Introduction of Evidence of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant. Following the hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' briefings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING IN PART AND DENYING IN PART** the Defendant's Motion in *Limine* to Preclude Introduction of Evidence of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant.

Decision & Order Re. Defendant's Motion in *Limine* to Preclude Introduction of Evidence
of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant
*People v. Camacho*, CF0281-25-01
Page 1 of 7

## BACKGROUND

Based on events occurring on or about April 24, 2025, the Defendant was charged with CRIMINAL MISCHIEF (As a 3rd Degree Felony); RECKLESS CONDUCT (As a Misdemeanor); and two charges of ASSAULT (As a Misdemeanor). *See* Indictment (May 2, 2025). On May 13, 2025, Defendant Camacho filed his Motion for Discovery as well as his Waiver of Speedy Trial. *See* Mot. Discovery (May 13, 2025); *see also* Waiver (May 13, 2025). At arraignment, this court was assigned to this matter. *See* Arraignment Hr'g Mins. at 2:22:40PM (May 23, 2025).

On June 13, 2025, the court filed its Order granting his Motion for Discovery. On June 18, 2025, Defendant Camacho filed two motions: Motion to Compel Discovery; and Motion in *Limine* to Preclude Introduction of Evidence of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant ("Motion in *Limine*"). The People filed its Response to the Motion in *Limine* on June 23, 2025. *See* Response *Limine* (June 23, 2025). And on June 30, 2025, the Defendant filed his Reply to the People's Response. *See* Reply *Limine* (June 30, 2025). The court subsequently scheduled this matter for a Motion Hearing on July 15, 2025.

In accordance with his Motion in *Limine*, the Defendant argued at the Motion Hearing that the court should exclude evidence of his arrest record and bench warrant as inadmissible hearsay. *See* Mot. Hr'g Mins. at 4:05:45 – 08:15PM (July 15, 2025). In response, the People stated that it was unnecessary to exclude such evidence before trial just because the People could potentially use it wrongly. *Id.* at 4:09:00 – 09:43PM. After hearing the parties' arguments, the court took the matter under advisement.

\\

\\

Decision & Order Re. Defendant's Motion in *Limine* to Preclude Introduction of Evidence
of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant
*People v. Camacho*, CF0281-25-01
Page 2 of 7

Under Guam Rule of Evidence ("GRE") Rule 801(c), "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Guam R. Evid. 801(c). It is noteworthy that the Guam Rules of Evidence are modeled after the Federal Rules of Evidence. Therefore, "interpretations of the Federal Rules of Evidence from other jurisdictions are persuasive authority." *People v. Jesus*, 2009 Guam 2 ¶ 32 n.8 (internal citations omitted).

## A. Without the attached Arrest Record/RAP Sheet, the court will not exclude such evidence at trial at this time.

The Defendant seeks the court's exclusion of his arrest record as inadmissible hearsay. Defendant Camacho argues that there are multiple hearsay statements in his arrest record that require individual hearsay exceptions as they are statements relating to "days in which CAMACHO was arrested, times CAMACHO was criminally convicted, sentences imposed on CAMACHO, and various accusations of CAMACHO's wrongdoing." Def.'s Mot. *Limine* at 2–3 (June 18, 2025). While GRE 803 states many exceptions to the hearsay rule, the following exceptions are relevant as cited in the Defendant's Motion:

> (8) Public records and reports. Records, reports, statements, or data compilations, in any form, of public offices or agencies or government instrumentality, setting forth (A) the activities of the office or agency or government instrumentality, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.
>
> (22) Judgment of previous conviction. Evidence of a final judgment, entered after a trial or upon a plea of guilty (but not upon a plea of nolo contendere), adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year, to prove any fact essential to sustain the judgment, but not including, when offered by the Government in a criminal prosecution for purposes other than

Decision & Order Re. Defendant's Motion in *Limine* to Preclude Introduction of Evidence
of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant
*People v. Camacho*, CF0281-25-01
Page 3 of 7

impeachment, judgments against persons other than the accused. The pendency of an appeal may be shown but does not affect admissibility.

GRE 803 (8) & (22). In his Motion in *Limine*, the Defendant argues that neither of these hearsay exceptions permits the admission of the Defendant's RAP Sheet/Arrest Record at trial. *See* Def.'s Mot. *Limine* at 2–3. In its Response, the People stated that it did not intend to offer Defendant Camacho's arrest record to prove the truth of the matter asserted "unless of course further developments in the evidentiary record implicate that it would fall into a hearsay exception." Response *Limine* at 1. The main purpose for offering his arrest record as evidence would be "to show proof of Camacho's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* at 1–2. However, the Defendant also argued that his arrest and prior convictions may not be used as propensity evidence when those prior convictions from approximately thirty years ago do not prove any material element to the crimes charged in this case. *See* Mot. *Limine* at 3.

Although the Defendant references his RAP Sheet/Arrest Record in the Motion in *Limine* as Exhibit A, no such exhibit was attached to the Motion in *Limine* for the court's consideration. Without the ability to review the full arrest record at issue, the court will not grant its exclusion at trial at this time.

### B. Defendant Camacho's bench warrant for failure to appear does not make it more or less probable that he committed the alleged crimes in this case.

In addition to the exclusion of Defendant Camacho's arrest record, he seeks the court to exclude evidence of a bench warrant issued in another case: CF0492-20. As authority, Defendant Camacho states that this warrant is irrelevant; and alternatively states that if relevant, GRE 403 would bar this evidence as its probative value is substantially outweighed by the danger of unfair prejudice. *See* Def.'s Mot. *Limine* at 3–4. Specifically, the Defendant argues

Decision & Order Re. Defendant's Motion in *Limine* to Preclude Introduction of Evidence
of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant
*People v. Camacho*, CF0281-25-01
Page 4 of 7

that this bench warrant for a failure to appear does not prove any material element to the charges and has no similarity to the conduct alleged in this case. *Id.* at 4.

Although the People do not explicitly argue that this bench warrant is relevant, the court can reasonably infer that the People deem it relevant based on its possible use of the evidence as "proof of Camacho's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Response *Limine* 2.

Before reviewing the admissibility of the bench warrant under GRE 404(b), the court must review whether it is relevant under GRE 401. Under GRE 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Guam R. Evid. 401. The standard for determining whether evidence is relevant is low; simply asking whether the evidence has something to do with the claims or defenses in the case.

In CF0492-20, the Defendant pled guilty to the following charges: POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony); POSSESSION OF A CONCEALED FIREARM (As a 3rd Degree Felony); and POSSESSION OF A FIREARM WITHOUT AN IDENTIFICATION CARD (As a 3rd Degree Felony). *See People v. Camacho,* CF0492-20 (Judgment (June 16, 2021)). The bench warrant at issue was filed for his failure to appear at a Progress Hearing on January 17, 2024. *See People v. Camacho,* CF0492-20 (Progress Hr'g Mins. at 3:05:05PM (Jan. 17, 2024)). As mentioned earlier, the Defendant was charged in *this* case with CRIMINAL MISCHIEF (As a 3rd Degree Felony); RECKLESS CONDUCT (As a Misdemeanor); and two charges of ASSAULT (As a Misdemeanor). *See* Indictment (May 2, 2025).

Decision & Order Re. Defendant's Motion in *Limine* to Preclude Introduction of Evidence
of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant
*People v. Camacho,* CF0281-25-01
Page 5 of 7

Under GRE 401's low standard of proof, the court finds that the Defendant's 2024 bench warrant in a Controlled Substance and Firearm Possession case does not make it more or less probable that the Defendant committed the alleged conduct relating to the charges in this 2025 case. Even if this evidence was relevant, the court notes that its admission would still be barred by GRE 402 and 404(b). GRE 402 states that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by the Organic Act of Guam, by the laws of Guam, by these Rules or other rules prescribed by the Supreme Court of Guam pursuant to statutory authority. Evidence which is not relevant is not admissible.

Guam R. Evid. 402. In this case, the Defendant argues that GRE 404(b) is the other rule of evidence that would prevent this relevant evidence's admissibility at trial. GRE 404(b) states the following purposes where evidence of other crimes, wrongs, or acts are admissible at trial:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Guam R. Evid. 404(b). Under this evidentiary rule, "[e]vidence of other crimes or acts is admissible . . . 'except where it tends to prove *only* criminal disposition,'" *People v. Sablan*, 2023 Guam 4 ¶ 68 (quoting *United States v. Ayers*, 924 F.2d 1468, 1473 (9th Cir. 1991) (citation omitted)).

Although the People stated that it would be offering evidence of the arrest record under GRE 404(b), the People provided no notice of this intent outside of its Response. Therefore, evidence of the Defendant's bench warrant in CF0492-20 would have been inadmissible without reasonable notice under GRE 404(b).

Decision & Order Re. Defendant's Motion in *Limine* to Preclude Introduction of Evidence
of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant
*People v. Camacho*, CF0281-25-01
Page 6 of 7

## CONCLUSION

For reasons set forth above, the court hereby **GRANTS IN PART AND DENIES IN PART** the Defendant's Motion in *Limine* to Preclude Introduction of Evidence of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant. Specifically, the court **GRANTS** the exclusion of Defendant Camacho's Bench Warrant issued in CF0492-20 but **DENIES** the exclusion of Defendant Camacho's Arrest Record/Rap Sheet.

A Pre-Trial Conference is scheduled before this court on November 12, 2025, at 9:00AM.

**SO ORDERED** this _____ OCT 1 3 2025 _____.

**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam

SERVICE VIA EMAIL
I acknowledge that an electronic copy of the original was e-mailed to:

OAG & PDSC

Date 10|13|25 Time: 4:40

Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

Decision & Order Re. Defendant's Motion in *Limine* to Preclude Introduction of Evidence
of Defendant Camacho's Arrest Record/Rap Sheet and Bench Warrant
*People v. Camacho*, CF0281-25-01
Page 7 of 7